RECEIPT # 53654
AMOUNT $ 150
SUMMONS ISSUED Y-/
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 2-9-04

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Paradigm Sports, Inc., | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Callaway Golf Company, | |
| Defendant. | |

MAGISTRATE JUDGE _Bowler_

Paradigm Sports, Inc. (hereinafter "Paradigm" or "Plaintiff"), for its Complaint herein against Callaway Golf Company ("Callaway" or "Defendant"), states and alleges as follows:

## NATURE OF ACTION

1.     This is an action for infringement of Plaintiff Paradigm's federally registered trademark, JUST ENJOY THE GAME®; unfair competition, 15 U.S.C. § 1051 *et seq.*, and related claims arising under common law regarding misappropriation of trademark and deceptive trade practices.  Paradigm uses its mark, *inter alia,* on its golf related products.  Defendant Callaway is currently using the mark ENJOY THE GAME in connection with numerous golf related products, including golf clubs, golf bags, golf balls, and golf head covers, without authorization from, and contrary to the interests of, Paradigm.  Callaway has expanded its use of ENJOY THE GAME by advertising its products over the Internet, in the same retail outlets, and in the same advertising periodicals Paradigm uses to advertise its golf-related products.

## PARTIES

2.    Plaintiff Paradigm is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business at 300 Canal Street, Lawrence, Massachusetts 01840.

3.    Defendant Callaway, is upon information and belief, a California corporation organized and existing with its principal place of business at 2285 Rutherford Road, Carlsbad, California 32008-8815.

4.    Defendant is not a licensee of Paradigm; nor is Defendant affiliated, connected or associated in any way with Paradigm.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6.    Defendant has transacted business regularly in Massachusetts, and such acts have given rise to the claims brought herein.

7.    Venue lies in this District under 28 U.S.C. § 1391(b)(1-3) and 28 U.S.C. § 1391(c) in that the claims arose in this judicial district as a result of acts committed by Defendant within this judicial district in the course of Defendant doing business in this district.

## FACTUAL ALLEGATIONS

### Paradigm and its Golf Related Products

8.      Paradigm is a small company based in Lawrence, Massachusetts that designs, manufactures and sells quality electric powered golf carts. Paradigm's products have been sold throughout the United States since 1995. Paradigm currently sells its products to retailers who then offer the products directly to consumers. Paradigm has annually averaged in excess of $1 million in sales of its electric powered golf carts.

### Paradigm's JUST ENJOY THE GAME® Mark

9.      Since 1995, Paradigm has used the JUST ENJOY THE GAME® mark to promote its electric walking golf cart products. Paradigm commenced use of the JUST ENJOY THE GAME® trademark in interstate commerce in May 1995 and has used the mark continuously since then.

10.      The United States Patent and Trademark Office issued to Paradigm a trademark registration: No. 2,025,980, registered December 24, 1996, for the distinctive JUST ENJOY THE GAME® mark. This registration is presently valid and incontestable. The registration is *prima facie* evidence of the validity of the JUST ENJOY THE GAME® mark and Paradigm's exclusive right to use the mark in commerce with respect to golf related products.

### The Strength of the JUST ENJOY THE GAME® Mark

11.      As noted above, Paradigm has used the JUST ENJOY THE GAME® mark since 1995. Paradigm uses and promotes the JUST ENJOY THE GAME® mark to the public extensively and consistently in connection and on its golf related products.

12.      Paradigm has spent considerable amounts in advertising and promoting both its JUST ENJOY THE GAME® mark and its golf related product in the United States on

<paradigmsports.com>, in advertisements in magazines such as Golf Magazine, Golf Digest, Golf Tips and Senior Golfer.

13.    By virtue of the goodwill and reputation for integrity associated with the ENJOY THE GAME® mark, and Paradigm's consistent use of the JUST ENJOY THE GAME® mark over the past 9 years, the JUST ENJOY THE GAME® mark enjoys recognition in the minds of consumers of golf-related products.

**Defendants' Infringing Acts**

14.    Defendant Callaway is a golf product manufacturer that uses the mark ENJOY THE GAME on its golf-related products.

15.    Defendant's ENJOY THE GAME mark is nearly identical to Paradigm's federally registered JUST ENJOY THE GAME® mark. Defendant's use of the ENJOY THE GAME mark is without permission, authority, or license from Paradigm and is contrary to the interests of Paradigm. Further, such usage is confusing to consumers purchasing Paradigm's and Callaway's golf-related products.

16.    On or about June 1, 1999, Callaway filed a trademark application with the U.S. Patent and Trademark Office for its alleged ENJOY THE GAME mark. The U.S. Patent and Trademark Office notified Callaway of Paradigm's federally registered senior mark JUST ENJOY THE GAME® and that because of the likelihood of confusion that would result from the similar mark, the Office was refusing to register Callaway's mark. Callaway then abandoned its application.

17.    On information and belief, in 2001 Callaway again filed an application with the U.S. Patent and Trademark Office for its alleged ENJOY THE GAME mark. This time, unaware of the substantially similar mark, the U.S. Patent and Trademark Office preliminarily published Trademark Application Serial No. 78/088,716 in the Official Gazette of December 10, 2002.

4

18.    When it became aware of this preliminary registration, Paradigm immediately filed its notice of opposition, File No. 91157340, with the U.S. Patent and Trademark Office. The Opposition proceeding is currently ongoing.  As a result of Callaway's improper attempt to register its alleged mark, Paradigm has been damaged.

**COUNT I**

**INFRINGEMENT OF REGISTERED MARK – 15 U.S.C. § 1114**

19.    Plaintiff realleges and incorporates by reference the allegations set forth above in all previous Paragraphs of this Complaint.

20.    Defendant has affixed, applied, annexed and used in connection with its golf-related products the ENJOY THE GAME mark, which is essentially identical to Paradigm's federally registered JUST ENJOY THE GAME® mark. Defendant's use in interstate commerce of the ENJOY THE GAME mark on product packaging, on various web sites and in advertising constitutes infringement of Plaintiff's registered trademark.  Specifically, Defendant's conduct has caused and is likely to continue to cause confusion, mistake, and deception among consumers as to the source of golf-related products, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

21.    The conduct of Defendant alleged herein was and is intentionally and willfully done.  On information and belief, Defendant had knowledge of Paradigm's prior use and registration of and prior rights in the foregoing mark.

22.    Plaintiff has been damaged by Defendant's improper activities.  Further, Plaintiff has no adequate remedy at law, and the aforesaid trademark infringement has caused and continues to cause Plaintiff irreparable harm and injury.

## COUNT II

## UNFAIR COMPETITION -
## 15 U.S.C. 1125(A)

23.    Plaintiff realleges and incorporates by reference the allegations set forth above in all previous Paragraphs of this Complaint.

24.    This claim arises under Section 43(a) of the Lanham Act entitled "False Designations of Origin, False Descriptions and Dilution," 15 U.S.C. §§ 1121 and 1125.

25.    Through continuous use and promotion, Plaintiff's JUST ENJOY THE GAME mark has become distinctive and well-known in the United States golf products marketplace.

26.    Defendant's unauthorized use of the almost identical ENJOY THE GAME mark has a tendency to confuse or deceive consumers into believing that some or all of Defendant's goods originate with or are affiliated with, approved by, or are otherwise associated with Plaintiff.

27.    By engaging in the activities described above, Defendant has made and is making false, deceptive and misleading statements constituting false designations of origin with goods and services distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

28.    Defendant's willful acts described above have caused irreparable injury to Plaintiff's goodwill and reputation and, unless enjoined, will cause further irreparable injury, for which Plaintiff has no adequate remedy at law.

## COUNT III

## COMMON LAW UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES

29.    Plaintiff realleges and incorporates by reference the allegations set forth above in all previous Paragraphs of this Complaint.

30. Defendant's unauthorized use of the ENJOY THE GAME mark constitutes unfair competition and trademark infringement and deceptive trade practices under the common law of Massachusetts and other states in that Defendant has unfairly competed with Plaintiff's commercial business and will continue to do so, and Defendant's activities have caused consumer confusion as to the source and sponsorship of Defendant's goods and will continue to do so.

31. As a direct and proximate result of the foregoing acts, Defendant has unlawfully derived and will continue to derive income, profits and ever-increasing goodwill from its activities, causing Plaintiff irreparable injury for which Plaintiff has no adequate remedy at law.

32. Plaintiff has suffered and continues to suffer damages under all the above-listed causes of action. Plaintiff also has suffered and continues to suffer irreparable and incalculable injury to its business reputation, goodwill, and to the integrity of its mark. Plaintiff's remedies at law cannot adequately compensate for the ongoing injuries threatened by Defendant's continuing conduct.

## DEMAND FOR JURY TRIAL

33. Demand for jury trial is hereby made.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Paradigm demands judgment against Defendant as follows:

(a) For permanent injunctive relief, enjoining and restraining Defendant and its agents, servants, representatives, successors, assigns and others in active concert or participation with them from utilizing the ENJOY THE GAME mark or any variation thereof, derivative or shorthand notation thereof, or any terms similar thereto in connection with any product or service, in any medium, which would give rise to a likelihood of confusion as to the source of such golf products; from soliciting any business under said mark and from committing any other

unfair business practices that will result in a substantial likelihood of confusion amongst customers of Paradigm;

(b)    That Defendant be required to pay to Paradigm the Defendant's profits and the actual damages suffered by Paradigm as a result of Defendant's acts, and that such damages and profits be trebled as provided by 15 U.S.C. § 1117 because of the willful acts described herein in disregard of Paradigm's rights;

(c)    That Defendant be compelled to pay Paradigm's attorney's fees as provided by 15 U.S.C. § § 1117 and 1125(c) and as provided under state common law, together with all costs of this suit;

(d)    For prejudgment interest; and

(e)    For such other and further relief as may be just and equitable.

Respectfully submitted,

Dated: 1-15-09

By: _____
Barbara Grahn (LR 83.5.3(b) application pending)
Ernest W. Grumbles (LR 83.5.3(b) application pending)
Bray Dohrwardt (LR 83.5.3(b) application pending)
45 South Seventh Street
3300 Plaza VII Office Tower
Minneapolis, Minnesota 55402

**Attorneys for Plaintiff
Paradigm Sports, Inc.**

**Of Counsel:**

Ronald M. Jacobs
BBO 561535
CONN KAVANAUGH ROSENTHAL PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109
Telephone:  (617) 348-8212
Telefax:    (617) 482-6444

8

OPPENHEIMER: 1512021 v03 01/15/2004