UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Paradigm Sports, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Callaway Golf Company, <br><br> Defendant. | Civil Action No. 04-10265 RCL <br><br> **DEMAND FOR JURY TRIAL** |

## ANSWER AND COUNTERCLAIM OF DEFENDANT CALLAWAY GOLF COMPANY

Defendant Callaway Golf Company ("Callaway Golf") hereby responds to the Complaint filed by Plaintiff Paradigm Sports, Inc. ("Paradigm"), as follows:

### NATURE OF ACTION

1. Callaway Golf admits that Paradigm has filed the instant action alleging federal trademark infringement, unfair competition, and deceptive trade practices against Callaway Golf. Callaway Golf admits that it uses ENJOY THE GAME as an advertising tagline, always in conjunction with its famous CALLAWAY GOLF mark. Callaway Golf lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Paradigm uses its mark, *inter alia*, on its golf related products, and on that basis denies said allegations. Callaway Golf denies the remaining allegations set forth in paragraph 1 of the Complaint.

### PARTIES

2. Callaway Golf lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and on that basis denies said allegations.

3. Callaway Golf Company admits that it is a Delaware corporation, with its principal place of business at 2180 Rutherford Road, Carlsbad, CA 92008.

ANSWER AND COUNTERCLAIM OF DEFENDANT CALLAWAY GOLF COMPANY

4. Admitted.

## JURISDICTION AND VENUE

5. Admitted.

6. Denied.

7. Denied.

## FACTUAL ALLEGATIONS

8. Callaway Golf lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and on that basis denies said allegations.

9. Callaway Golf lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and on that basis denies said allegations.

10. Callaway Golf admits that according to the United States Patent and Trademark Office ("PTO") online database at *www.uspto.gov*, Paradigm's JUST ENJOY THE GAME mark was registered under Reg. No. 2,025,980 on December 24, 1996. Callaway Golf lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the registration is presently valid and incontestable. Callaway Golf denies the remaining allegations set forth in paragraph 10 of the Complaint.

11. Callaway Golf lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and on that basis denies said allegations.

12. Callaway Golf lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and on that basis denies said allegations.

13. Callaway Golf lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, and on that basis denies said allegations.

14. Callaway Golf admits that it is a golf product manufacturer, but denies the remaining allegations in paragraph 14 of the Complaint.

15. Callaway Golf admits that no licensing, or other contractual agreement, exists between Callaway Golf and Paradigm concerning ENJOY THE GAME. Callaway Golf denies the remaining allegations set forth in paragraph 15 of the Complaint.

16. Callaway Golf admits that on June 1, 1999, it filed a U.S. Trademark Application (Ser. No. 75/718,437) with the PTO for ENJOY THE GAME. The application was based on a bona fide intent to use the mark in commerce. Callaway Golf admits that the PTO refused registration of ENJOY THE GAME in view of Paradigm's registration for JUST ENJOY THE GAME. Callaway Golf admits that it did not respond to the PTO's final refusal.

17. Callaway Golf admits that on October 16, 2001 it filed a second U.S. Trademark Application (Ser. No. 78/088,716) for ENJOY THE GAME based on a bona fide intent to use the mark in commerce. Callaway Golf admits that the PTO published Application Ser. No. 78/088,716 in the Official Gazette on December 10, 2002, but denies that the PTO was unaware of Paradigm's mark when it did so.

18. Callaway Golf admits that Paradigm, after filing three requests for extensions of time to oppose, eventually filed a Notice of Opposition (Opp. No. 91157340) with the Trademark

Trial and Appeal Board ("TTAB") against Callaway Golf's application for ENJOY THE GAME. On February 16, 2004, counsel for Paradigm agreed to Callaway Golf's request to suspend the opposition pending the outcome of this litigation. On February 20, 2004, Callaway Golf filed a Stipulated Request to Suspend Pending Outcome of Civil Action with the TTAB. Callaway denies the remaining allegations set forth in paragraph 18 of the Complaint.

## COUNT I

## INFRINGEMENT OF REGISTERED MARK – 15 U.S.C. § 1114

19. Callaway Golf restates its answers to paragraphs 1-18 of the Complaint and incorporates them herein by reference.

20. Callaway Golf admits that it uses ENJOY THE GAME as an advertising tagline, always in conjunction with its famous CALLAWAY GOLF mark. Callaway Golf denies the remaining allegations set forth in paragraph 20 of the Complaint.

21. Callaway Golf admits that it had knowledge of Paradigm's prior registration for JUST ENJOY THE GAME. Callaway Golf denies the remaining allegations set forth in paragraph 21 of the Complaint.

22. Denied.

## COUNT II

## UNFAIR COMPETITION – 15 U.S.C. § 1125(a)

23. Callaway Golf restates its answers to paragraphs 1-22 of the Complaint and incorporates them herein by reference.

24. Callaway Golf admits that Paradigm purports to state a claim under Section 43(a) of the Lanham Act, however, Callaway Golf denies that Paradigm is entitled to any relief whatsoever based on any of its claims brought under Section 43(a) of the Lanham Act.

25. Callaway Golf lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint, and on that basis denies said allegations.

26. Denied.

27. Denied.

28. Denied.

## COUNT III

## COMMON LAW UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES

29. Callaway Golf restates its answers to paragraphs 1-28 of the Complaint and incorporates them herein by reference.

30. Denied.

31. Denied.

32. Denied.

## DEMAND FOR JURY TRIAL

33. No responsive pleading to Paradigm's Demand for Jury Trial is required.

## AFFIRMATIVE DEFENSES

1. Callaway Golf reserves the right to assert affirmative defenses as may be warranted by discovery in this matter.

## COUNTERCLAIM

For its counterclaim, Callaway Golf Company ("Callaway Golf") alleges as follows:

## THE PARTIES

2. Callaway Golf is a Delaware corporation with its principal place of business at 2180 Rutherford Road, Carlsbad, California 32008-8815.

5 - ANSWER AND COUNTERCLAIM OF DEFENDANT CALLAWAY GOLF COMPANY

3. On information and belief, Paradigm Sports, Inc. ("Paradigm") is a Minnesota corporation with a principal place of business at 300 Canal Street, Lawrence, Massachusetts 01840.

## JURISDICTION AND VENUE

4. Jurisdiction over Callaway Golf's counterclaim is conferred by 28 U.S.C. §§ 1331, 1332, 1338, and 2201-2002. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c).

5. An actual controversy exists between Paradigm and Callaway Golf in that Paradigm has brought the instant suit against Callaway Golf alleging that Callaway Golf has engaged in trademark infringement, unfair competition, and deceptive trade practices.

## BACKGROUND

6. Callaway Golf is an original equipment manufacturer of high-quality golf clubs, golf balls, and other golf equipment. Callaway Golf has been manufacturing and selling high quality golf equipment under the CALLAWAY GOLF® mark since at least as early as 1989. Many of the game's top professional players use and/or endorse Callaway Golf's products. Callaway Golf does not manufacture or sell electric-powered walking golf cart products or other mechanical devices.

7. As a result of Callaway Golf's success in the marketplace due to its exceptional products, the CALLAWAY GOLF® mark is well-known and famous worldwide to golfers and to the general public.

8. In 2000, Callaway Golf began using the phrase CALLAWAY GOLF ENJOY THE GAME (hereinafter the "GAME phrase") as a tagline in advertising. A specimen depicting Callaway Golf's use of the GAME phrase as a tagline in advertising is attached hereto as Exhibit

A. Callaway Golf has used the phrase ENJOY THE GAME only in conjunction with its well-known and famous CALLAWAY GOLF mark.

9. On information and belief, Callaway Golf's GAME phrase and Paradigm's JUST ENJOY THE GAME mark (hereinafter the "JUST ENJOY mark") have coexisted in the United States since 2000, and there has been no actual confusion, mistake or deception resulting from Callaway Golf's use of the GAME phrase as an advertising tagline and Paradigm's use of the JUST ENJOY mark.

10. Callaway Golf's use of the GAME phrase as an advertising tagline is not likely to cause confusion with Paradigm's use of the JUST ENJOY mark.

11. Callaway Golf's GAME phrase differs from Paradigm's JUST ENJOY mark in sight, sound, and meaning.

12. Callaway Golf's products, namely, golf clubs, golf balls, golf bags, golf club head covers, and the like, are different from Paradigm's electric motorized golf caddy products.

13. Paradigm's JUST ENJOY mark is weak because, on information and belief, it does not identify the source of Paradigm's goods, nor do consumers recognize the JUST ENJOY slogan as a trademark of Paradigm.

14. Callaway Golf applied to register ENJOY THE GAME on the basis of its intention to use the phrase as a trademark at some time in the future.

15. Although Callaway Golf's first trademark application for the ENJOY THE GAME mark was refused by the PTO in view of Paradigm's registration for the JUST ENJOY mark, Callaway Golf's second trademark application for ENJOY THE GAME was published despite Paradigm's prior registration, evidence that the PTO recognizes that these marks and

their respective goods are sufficiently distinct so as to not cause a likelihood of confusion among consumers.

16. Callaway Golf began using the GAME phrase as an advertising tagline in good faith, with no intention to infringe any rights Paradigm may have in the JUST ENJOY mark.

## COUNTERCLAIM

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF PARADIGM'S JUST ENJOY THE GAME MARK

17. Callaway Golf incorporates by reference and restates paragraphs 1-16 of this Counterclaim.

18. Callaway Golf does not infringe and has not infringed Paradigm's JUST ENJOY mark.

19. In its Complaint, Paradigm alleges that Callaway Golf infringes Paradigm's JUST ENJOY mark. Because Callaway Golf denies that it infringes Paradigm's JUST ENJOY mark, an actual and justiciable controversy has arisen and now exists between Callaway Golf and Paradigm as to whether Callaway Golf infringes Paradigm's JUST ENJOY mark.

20. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Callaway Golf requests the declaration of the Court that Callaway Golf has not and does not infringe Paradigm's JUST ENJOY mark.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38, Callaway Golf hereby demands on its Answer, Affirmative Defenses, and Counterclaim a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, CALLAWAY GOLF, having fully answered the Complaint, respectfully requests that this Court:

8 - ANSWER AND COUNTERCLAIM OF DEFENDANT CALLAWAY GOLF COMPANY

A. Dismiss Paradigm's Complaint with prejudice and enter judgment that Paradigm take nothing from this action;

B. Adjudge and decree that Callaway Golf has not infringed and is not infringing directly, or inducing or contributing to infringement by others of Paradigm's JUST ENJOY THE GAME mark;

C. Declare this case exceptional under 15 U.S.C. § 1117(a) and award Callaway Golf its reasonable attorneys' fees and expenses;

D. Award Callaway Golf its costs incurred in this action; and

E. Grant Callaway Golf such further relief as the Court deems just and proper.

Dated: March 26, 2004

_____
Kurt L. Glitzenstein (BBO #565,312)
Timothy A. French (BBO #179360)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
TEL: (617) 542-5070
Attorneys for Defendant/Counterclaim Plaintiff
CALLAWAY GOLF COMPANY

OF COUNSEL:
Lisa M. Martens
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by hand upon the attorney of record for each other party on _March 26_, 2004.

_____
Timothy A. French

10 - ANSWER AND COUNTERCLAIM OF DEFENDANT CALLAWAY GOLF COMPANY