UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN 17 P 4: 36

U.S. DISTRICT COURT
DISTRICT OF MASS.

PARADIGM SPORTS, INC.,

    Plaintiff,

v.

CALLAWAY GOLF COMPANY,

    Defendant.

Civil Action No. 04-cv-10265-RCL

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Plaintiff Paradigm Sports, Inc., (hereinafter "Paradigm" or "Plaintiff") and Defendant Callaway Golf Company (hereinafter "Callaway Golf") (collectively the "Parties") conferred on June 10, 2004 concerning discovery and scheduling matters and hereby submit this Joint Statement pursuant to Fed. R. Civ. P. 26(f), Local Rule 16–1, and this Court's Order entered on April 6, 2004. This matter is set for a scheduling conference on June 24, 2004.

**I.**    **Settlement**

The parties have agreed on settlement terms and are in the process of memorializing the agreement in writing.

**II.**    **Concise Summary of Each Party's Position on Liability and Relief**

    A.    Plaintiff's Position on Liability and Relief

Paradigm is a manufacturer and seller of electric-powered golf carts and related golf-equipment based in Lawrence, Massachusetts. Paradigm is also the owner of U.S. Trademark Reg. No. 2,025,980 for the incontestable trademark JUST ENJOY THE GAME, which it has employed in connection with the promotion, marketing and sales of its golf equipment since 1995. By virtue of the goodwill and reputation for integrity associated with the JUST ENJOY THE GAME mark, and Paradigm's consistent use of the JUST ENJOY THE GAME mark over

the past 9 years, the JUST ENJOY THE GAME mark enjoys recognition in the minds of consumers of golf-related products.

Defendant Callaway is a golf product manufacturer that uses the mark ENJOY THE GAME in connection with its golf-related products and has further sought a U.S. trademark registration for the ENJOY THE GAME mark. Defendant's ENJOY THE GAME mark is nearly identical to Paradigm's federally registered JUST ENJOY THE GAME mark. Defendant's use of the ENJOY THE GAME mark is without permission, authority, or license from Paradigm and is contrary to the interests of Paradigm. Further, such usage is confusing to consumers purchasing Paradigm's and Callaway's golf-related products.

Paradigm seeks a permanent injunction under the Lanham Act against any further use by Callaway of ENJOY THE GAME, whether as an advertising slogan or mark. Paradigm also seeks damages and disgorgement of profits under the Lanham Act and related statutes. Finally, as part of this suit, Paradigm seeks an order requiring Callaway to abandon its still-pending trademark application for ENJOY THE GAME, which is the subject of an opposition proceeding in the PTO (stayed as a result of this suit).

    B.    <u>Defendant's Position on Liability and Relief</u>

Paradigm filed this action alleging trademark infringement, unfair competition, and deceptive trade practices. In order to prevail on any of its claims, Paradigm must establish a likelihood of confusion between Callaway Golf's use of the advertising tag line "ENJOY THE GAME" in conjunction with its famous CALLAWAY GOLF house mark and Paradigm's JUST ENJOY THE GAME mark used on motorized golf caddies. Callaway Golf's position is that there is no likelihood of confusion. Paradigm attempts to assert rights in a slogan with little inherent source-identifying capability. Because the slogan's capacity to identify the source of goods is so slight, Paradigm must come forward with evidence to show that consumers associate the JUST ENJOY THE GAME mark with Paradigm. Callaway Golf believes that Paradigm's sales of motorized golf caddies bearing the mark are relatively small, and that Paradigm's advertising expenditures in connection with the mark are also small. Therefore, consumers do

JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1 – Page 2

not associate the JUST ENJOY THE GAME mark with Paradigm. In addition, Callaway Golf has not used "ENJOY THE GAME" as a trademark on products, only as a tag line in print advertisements for the products. Callaway Golf always uses the famous house mark CALLAWAY GOLF in conjunction with the "ENJOY THE GAME" tag line, further lessening any likelihood of confusion.

Therefore, Callaway Golf requests that the Court dismiss Paradigm's Complaint with prejudice and enter judgment that Paradigm take nothing from this action. Callaway Golf further requests that the Court adjudge and decree that Callaway Golf has not infringed and is not infringing directly, or inducing or contributing to infringement by others of Paradigm's JUST ENJOY THE GAME mark. Callaway Golf further requests that the Court find this case exceptional under 15 U.S.C. § 1117(a) and award Callaway Golf its reasonable attorneys' fees and expenses, as well as costs incurred in this action and any further relief as the Court deems just and proper.

### III. Joint Discovery Plan

####   A.   Limits on Discovery

The Parties stipulate to the following variation from the discovery limitations provided in Local Rule 26.1(c):

The Parties have stipulated to a maximum of five depositions per side.

In addition, the Parties respectfully request that each side be allotted 50 interrogatories rather than the 25 interrogatories provided for in Local Rule 26.1(c).

####   B.   Initial Disclosures

Pursuant to Fed. R. Civ. P. 26(a) and (f), the parties stipulate that they will exchange initial disclosures, including lists of persons likely to have discoverable information that the disclosing party may use to support its claims or defenses, no later than July 12, 2004.

The parties expect to submit a Stipulated Protective Order for entry by the Court. Items to be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" will not be included

in the initial disclosures. Initial disclosure items designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be produced within ten business days following entry of the Stipulated Protective Order. Otherwise, the parties do not anticipate the need to change the timing, form or requirement for disclosures under Rule 26(a).

    C.    <u>Motions to Add Other Claims and/or Parties, File Amended Pleadings, or Transfer Venue</u>

The parties propose that any motions to add other claims and/or parties, file amended pleadings, or transfer venue be made by August 23, 2004 (*i.e.*, 60 days after the scheduling conference on June 24, 2004).

    D.    <u>Scheduling (Discovery and Motions)</u>

The parties anticipate the possibility of filing dispositive motions and propose the following schedule:

| | |
|---|---|
| Fact discovery cut-off: | January 24, 2005 |
| Disclosure of expert reports: | February 28, 2005 |
| Disclosure of rebuttal expert reports: | March 28, 2005 |
| Expert discovery cut-off: | April 25, 2005 |
| Law and motion filing date cut-off: | May 30, 2005 |
| Final pre-trial conference: | July 25, 2005 |
| Trial ready date: | August 22, 2005 |

## IV. <u>Trial Estimate</u>

The Parties estimate that a trial of this action will take five full days or less.

## V. <u>Trial by Magistrate</u>

The case is to be tried to a Jury. The Parties do not consent to trial by Magistrate.

## VI. <u>Complex Cases</u>

The parties do not believe this is a complex case and do not believe that any of the procedures of the Manual for Complex Litigation should be utilized.

JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1 – Page 4

## VII. Phased Discovery

The Parties do not believe that discovery should be conducted in phases, or that discovery should be limited to or focused on any particular issue.

## VIII. Certifications

Plaintiff's Certification Under the Court's April 6, 2004 Order is attached hereto as Exhibit A. Defendant's Certification is attached hereto as Exhibit B. According to Plaintiff's counsel, Plaintiff was unavailable today to sign the Certification, but Plaintiff's counsel will obtain Plaintiff's signature on the Certification and submit it to the Court as soon as possible.

Respectfully submitted,

Dated: June 17, 2004

*Ernest W. Grumbles by ACB.25MS w/ permission*

Barbara Grahn (admitted *pro hac vice*)
Ernest W. Grumbles (admitted *pro hac vice*)
Bray M. Dohrwardt (admitted *pro hac vice*)
OPPENHEIMER, WOLFF &
DONNELLY, LLP
45 South Seventh Street
3300 Plaza VII Office Tower
Minneapolis, Minnesota 55402
Telephone: (612) 607-7000
Attorneys for Defendant
PARADIGM SPORTS, INC.

**Of Counsel:**
Ronald M. Jacobs (BBO #561535)
CONN KAVANAUGH ROSENTHAL PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109
Telephone: (617) 348-8212

Dated: June 17, 2004

Kurt L. Glitzenstein (BBO #565,312)
Amy L. Brosius (BBO #656,521)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Tel: (617) 542-5070
Attorneys for Defendant
CALLAWAY GOLF COMPANY

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PARADIGM SPORTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CALLAWAY GOLF COMPANY, <br><br> Defendant. | Civil Action No. 04-cv-10265-RCL |

## CERTIFICATION OF PARADIGM SPORTS, INC. UNDER THE COURT'S ORDER OF APRIL 6, 2004

In accordance with Local Rule 16.1, as modified by the Court's Order of April 6, 2004, Plaintiff Paradigm Sports, Inc. and its counsel hereby affirm that they have conferred:

(a) with a view to establishing a budget for the costs of conducting the full course -- and various alternative courses -- for the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

---

Paradigm Sports, Inc.

Dated: June 17, 2004

---

Barbara Grahn (admitted *pro hac vice*)
Ernest W. Grumbles (admitted *pro hac vice*)
Bray M. Dohrwardt (admitted *pro hac vice*)
OPPENHEIMER, WOLFF & DONNELLY, LLP
45 South Seventh Street
3300 Plaza VII Office Tower
Minneapolis, Minnesota 55402
Telephone: (612) 607-7000
Attorneys for Plaintiff
PARADIGM SPORTS, INC.

**EXHIBIT A**

**Of Counsel:**
Ronald M. Jacobs (BBO #561535)
CONN KAVANAUGH ROSENTHAL PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109
Telephone: (617) 348-8212

**EXHIBIT B**

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PARADIGM SPORTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CALLAWAY GOLF COMPANY, <br><br> Defendant. | Civil Action No. 04-cv-10265-RCL |

## CERTIFICATION OF CALLAWAY GOLF COMPANY
## UNDER THE COURT'S ORDER OF APRIL 6, 2004

In accordance with Local Rule 16.1, as modified by the Court's Order of April 6, 2004, Defendant Callaway Golf Company and its counsel hereby affirm that they have conferred:

(a) with a view to establishing a budget for the costs of conducting the full course -- and various alternative courses -- for the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

_____
Callaway Golf Company

Dated: June 17, 2004

_____ by K. Brosius with permission
Kurt L. Glitzenstein (BBO #565,312)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
TEL: (617) 542-5070
Attorneys for Defendant
CALLAWAY GOLF COMPANY

10404255.doc

JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1 – Page 8

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1 in Civil Action No. 04-cv-10265-RCL was served upon the attorney of record for each other party by mail/hand on June 17, 2004.

_____
Amy L. Brosius